UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANH DUC NGUYEN, | No. C 10-0422 MHP (pr) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| JANET NAPOLITANO, Secretary of Homeland Security; et al., | |
| Respondents. | |

    Petitioner, an alien detained on behalf of the Department of Homeland Security at the Santa Clara County Jail in San Jose, California, has an aggravated felony conviction and has been ordered removed from the United States under 8 U.S.C. § 1227(a)(2)(A)(iii). He has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his continued detention pending removal.

    Petitioner alleges that he was ordered removed from the United States by an Immigration Judge on December 9, 2009. Petitioner claims his continued detention pending deportation was unlawful because he is from Vietnam, "the Vietnamese government refuses to issue the travel documents necessary for petitioner to return and will most likely not issue the travel documents." Petition attach. A at 1. He alleges that his detention is only necessary to effectuate his removal, but there is no likelihood of that removal because Vietnam will not take him.

/ / /

Unless special circumstances exist, an alien ordered removed whose removal is not reasonably foreseeable may not be detained indefinitely, but only for "a period reasonably necessary to secure removal." Zadvydas v. Davis, 533 U.S. 678, 699 (2001). Detention for six months is "presumptively reasonable," however. Id. at 701. "If, after 6 months, the alien makes a showing that there is 'no significant likelihood of removal in the reasonably foreseeable future' then the government must establish such a likelihood, or the existence of special circumstances, or the alien must be released from custody." Khotesouvan v Morones, 386 F.3d 1298, 1300 (9th Cir. 2004) (citing Zadvydas, 533 U.S at 696, 701). A period of detention of less than ninety days after an order of removal does not violate due process even where there is no reasonable forseeability of future repatriation and a habeas petition alleging such grounds should be dismissed. Khotesouvan, 386 F.3d at 1299-1300.

Khotesouvan plainly precludes relief on the petition. Petitioner filed his federal habeas petition 60 days after he was ordered removed. He thus was within that 90-day period where the detention did not violate due process as a matter of law, even if repatriation to his home country was not reasonably foreseeable. The petition is DISMISSED without prejudice to filing a new action if his detention pending removal exceeds that time allowed by law. The clerk shall close the file.

IT IS SO ORDERED.

DATED: July 28, 2010

Marilyn Hall Patel
United States District Judge